**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CV-80309-RAR**

**MICHELLE HUDSON HALE**,

    Plaintiff,

v.

**WELLS FARGO BANK**, *et al.*,

    Defendants.

_____/

**ORDER DISMISSING *PRO SE* COMPLAINT**

    **THIS CAUSE** comes before the Court upon an initial screening pursuant to 28 U.S.C. § 1915. Plaintiff filed her Complaint [ECF No. 1] and Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 3] on February 11, 2021. The Complaint in this case is identical to that in seven other cases filed by Plaintiff in this District. One such case was immediately dismissed as frivolous, *see* Order [ECF No. 4], *Hudson Hale v. Computershare*, No. 21-CIV-80311 (S.D. Fla. Feb. 12, 2021), and the remaining six were transferred to the undersigned and consolidated with the instant case, *see* Order Consolidating Cases [ECF No. 4].

    On February 25, 2021, the Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 5]. The relevant statute governing *in forma pauperis* proceedings provides that a court "*shall* dismiss the case *at any time* if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphases added). Therefore, upon granting Plaintiff's request to proceed *in forma pauperis*, the Court is required to assess the merits of the Complaint before allowing Plaintiff to proceed any further. *See Copeland v. Schwartz*, No. 07-CIV-60818, 2007 WL 9717317, at *1 (S.D. Fla. July 10, 2007); *see also Mehmood v. Guerra*, 783 F. App'x 938, 940 (11th Cir. 2019) ("[U]nder § 1915(e), district courts

have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike."); *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004) ("[S]ection 1915(e)(2)(B)(ii), directs the district court to dismiss the complaint of any plaintiff proceeding *in forma pauperis* if the court determines that the complaint fails to state a claim on which relief may be granted.") (quotations omitted).

Here, upon initial screening of the Complaint, the Court finds that it fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's Complaint is **DISMISSED** for the reasons set forth herein.

## ANALYSIS

Although generally, *pro se* complaints are held to a less stringent pleading standard than pleadings drafted by lawyers, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), "liberal construction of *pro se* pleadings does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Smitherman v. Decatur Plastics Prod. Inc.*, 735 F. App'x 692, 692 (11th Cir. 2018) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014)) (internal quotations omitted). In other words, the "leeway" afforded to *pro se* litigants "is not limitless." *Weil v. Phillips*, 816 F. App'x 339, 341 (11th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (alteration added) (quoting *Iqbal*, 556 U.S. at 678).

"Shotgun pleadings do not adhere to these basic requirements." *Weil*, 816 F. App'x at 341 (citation omitted). "A complaint is a shotgun pleading if it: (1) 'contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint'; (2) 'is . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action'; (3) does not 'separat[e] into a different count each cause of action or claim for relief'; or (4) 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.'" *Id.* (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). "Shotgun pleadings are flatly forbidden by the spirit, if not the letter, of" the Federal Rules of Civil Procedure. *Barmapov v. Amuial*, 986 F.3d 1321, 1321 (11th Cir. 2021).

Plaintiff's Complaint—the factual contours of which are difficult to follow—contains 52 pages of repetitive allegations against seven defendants who were allegedly involved in the administration of various trusts and the estate of Plaintiff's deceased husband. Plaintiff complains that Defendants refused to liquidate various family trust accounts allegedly belonging to her late husband before his death, and deprived him of funds necessary to support himself and to obtain medical treatment. The request to liquidate funds was made in 2009, Compl. [ECF No. 1] at 14, and the lack of funds allegedly resulted in Plaintiff's home being foreclosed on in 2015, *id*. at 9, 32. Plaintiff alleges that if the trust accounts had been closed in 2010, her husband could have received better medical care that could have extended his life expectancy. *Id*. at 42. She asserts claims of negligence, "tort fraud," breach of fiduciary duty, negligent infliction of emotional distress, "failure to uphold a duty of trust," "failure to uphold a duty of fairness," and unfair business practices.

Even under the relaxed pleading standard afforded to *pro se* litigants, Plaintiff's Complaint fails to meet the foregoing standards. First, the Complaint is a quintessential example of an impermissible shotgun pleading. Plaintiff does not specify what each Defendant did to incur liability, so the Complaint boils down to "an across-the-board allegation that every [D]efendant" engaged in wrongdoing. *Weil*, 816 F. App'x at 341. Thus, the Complaint "fails to notify each defendant of the specific claims against it and the grounds on which each claim rests." *Id.* (citation omitted). Although the Complaint delineates sections for each alleged claim, "[b]y the time a reader of the pleading gets to the final section, it is exceedingly difficult, if not impossible, to know which allegations pertain to that [section] (according to its label), to separate the wheat from the chaff." *Id.* (quoting *Keith v. DeKalb Cty.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014)). The Complaint is also "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* Consequently, Plaintiff has fallen woefully short of "plead[ing] factual content that allows the [C]ourt to draw the reasonable inference that [each] [D]efendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Because the Complaint is a shotgun pleading, it is due to be dismissed.

Second, the discernible allegations in Plaintiff's Complaint are frivolous and thus subject to dismissal pursuant to 28 U.S.C. § 1915(e). According to the Complaint, the request to liquidate the trusts' assets was made in 2009 and refused in 2010. *See* Compl. at 9, 42. The various parties are residents of New York, Massachusetts, and Florida, so the purportedly wrongful conduct allegedly took place in one or more of these states. But no matter which state's law applies, the claims are barred by the statute of limitations. *See* N.Y. C.P.L.R. § 214(3), (5) (one-year statute of limitations for intentional torts and three-year statute of limitations for negligence actions); M.G.L.A. 260 § 11 (two-year statute of limitations for act made or done by any person acting as trustee, guardian or conservator); M.G.L.A. 260 § 2A (three-year statute of limitations for tort

actions); Fla. Stat. § 95.11(3)(a), (o) (four-year statute of limitations for claims founded on negligence or intentional torts). Claims barred by the statute of limitations are properly dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). *See, e.g.*, *Ledea v. Metro-Dade Cty. Police Dep't*, No. 1:13-cv-23117, 2018 WL 11239706, at *1 (S.D. Fla. July 16, 2018).

The dismissal of Plaintiff's claims is with prejudice. Although district courts generally give plaintiffs at least one chance to amend a deficient complaint before dismissing it with prejudice, that need not be the case "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, even a more carefully drafted complaint could not state a valid claim because, regardless of the specific cause of action asserted, an amended complaint would be barred by the applicable statutes of limitation for the reasons discussed above. *See also Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) (dismissal of a *pro se* plaintiff's complaint with prejudice "is proper . . . if a more carefully drafted complaint could not state a valid claim.").

## CONCLUSION

For the reasons stated herein, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Complaint [ECF No. 1] is **DISMISSED** *with prejudice*. All pending motions are **DENIED as moot**. The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 26th day of February, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**